IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2178-BR

| | | |
|---|---|---|
| TROY E. POWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's request for rehearing. (DE # 9.)

By way of pertinent background, on 21 July 2016, petitioner filed a habeas corpus motion, with supporting documents, pursuant to 28 U.S.C. § 2241. (DE # 1.) In that motion, petitioner asserted six claims for relief, including one based on a "protected liberty interest violation." (Id. at 9.) Because the motion was not on the proper form, U.S. Magistrate Judge Robert B. Jones, Jr. directed petitioner to correct the deficiency. Petitioner then filed a § 2241 motion on the correct form. (DE # 4.) In that motion, petitioner challenged his conviction and sentence on four grounds. Petitioner did not allege any violation of a protected liberty interest. On 6 February 2017, on initial review of the later-filed § 2241 motion, Senior United States District Judge James C. Fox dismissed the motion for lack of jurisdiction, (DE # 7), and the Clerk entered judgment, (DE # 8), and closed the case. On 16 February 2017, petitioner filed the instant document and requests that the court "rehear" his "'loss of protected liberty interest'" claim.

Because petitioner filed his request for rehearing within 28 days of the entry of judgment, the court will treat the filing as a motion to alter or amend its 6 February 2017 judgment pursuant

to Rule 59(e) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 470-71 n.4 (4th Cir. 2011) (recognizing that the Federal Rules of Civil Procedure "do not provide for a postjudgment 'motion for reconsideration'" and construing a post-judgment motion to file an amended complaint as a Rule 59(e) motion because it was filed within ten days of the judgment); cf. United States v. Prater, 581 F. App'x 219, 220 (4th Cir. 2014) (treating a motion to reconsider a 28 U.S.C. § 2255 judgment filed more than twenty days after the judgment as a Rule 60(b) motion).  "A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Mayfield v. NASCAR, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (citation omitted).  This "extraordinary remedy [is] applied sparingly," id. (citation omitted), and within the court's discretion, see Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002).

Petitioner does not point to any change in controlling law or ask the court to consider new evidence; thus, the court considers only whether the alleged error identified by petitioner is "a clear error of law" or created a "manifest injustice."[1]  Petitioner raised the liberty interest claim in his original § 2241 motion.  However, he omitted this claim in his corrected § 2241 motion.  The latter motion superseded the original motion and serves as the operative document in this action.  See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general

---

[1] The court does not consider petitioner's Rule 59(e) motion as a successive § 2241 motion because the court deems petitioner to be seeking a remedy for the court's failure to consider his liberty interest claim on initial review.  See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("[A] motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider" rather than a successive habeas corpus motion which must be dismissed for lack of jurisdiction or transferred to the Court of Appeals for consideration).

rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); Huff v. Ziegler, No. 2:10cv89, 2010 WL 5536308, at *1 & n.1 (N.D. W. Va. Aug. 20, 2010) (report and recommendation) (recognizing the applicability of this rule in § 2241 proceedings), adopted, 2011 WL 43021 (N.D. W. Va. Jan. 6, 2011). Because that motion omitted the liberty interest claim, petitioner waived that claim. See Young, 238 F.3d at 573 ("[I]f an amended complaint omits claims raised in the original complaint, the plaintiff has waived those omitted claims."). As such, the court did not commit a clear error of law by considering only the claims raised in the corrected § 2241 motion. For the same reason, manifest injustice has not resulted.

Alternatively, petitioner's liberty interest claim fails on the merits as no constitutionally or statutorily protected liberty interest is implicated. Petitioner apparently claims a liberty interest in participating in the Residential Drug Abuse Program ("RDAP") and in early release for completion of the RDAP.[2] In support of that claim, petitioner states that he is "being held pending an evaluation required to be done 18-24 months" prior to his projected release date of 7 January 2017. (See DE # 1, at 9.) This release date was contingent apparently upon completion of the RDAP.[3] (See id. (stating if he is "unable to finish the RDAP program, [his] release date will be moved out extending his incarceration").) According to petitioner, the Bureau of Prisons

---

[2] The RDAP is an intensive drug treatment program for eligible federal inmates with documented substance abuse problems. See 18 U.S.C. § 3621(e)(1)(C) (mandating the BOP "shall, subject to the availability of appropriations, provide residential substance abuse treatment (and make arrangements for appropriate aftercare) . . . for all eligible prisoners . . . with priority for such treatment accorded based on an eligible prisoner's proximity to release date"). As an incentive for successful completion of the RDAP, prisoners with nonviolent offenses may reduce their time in custody up to one year upon completion of the program. Id. § 3621(e)(2)(B). Section 3621, however, does not set forth the criteria for admission to the RDAP. Rather, Bureau of Prisons ("BOP") Program Statement 5330.11 details the agency's internal guidelines and implementing instructions for the RDAP. See 28 C.F.R. §§ 550.53-550.56 (2016) (BOP regulations implementing the RDAP statutory mandate); Psychology Treatment Programs, P5330.11 § 2.5 (Apr. 25, 2016), https://www.bop.gov/policy/progstat/5330.11.pdf.

[3] The BOP's website indicates petitioner's release date is 31 July 2017. See https://www.bop.gov/inmateloc/.

3

("BOP") made "no attempt to prioritize [petitioner's] case to minimize damage caused by [BOP's] error." (Id.) Petitioner clarifies that the 7 January 2017 release date was the result of the BOP "grant[ing] 7 months early release," which it has "wrongly taken back" "in violation of their program directives."[4] (DE # 9.)

In the prison context, a protected liberty interest arises from two sources: the due process clause (of the Fifth Amendment to the United States Constitution for federal inmates and of the Fourteenth Amendment for state inmates), or government statutes or regulations. Richardson v. Joslin, 501 F.3d 415, 418-19 (5th Cir. 2007). "The Due Process Clause confers a liberty interest in punishment that is not ''qualitatively different' from the punishment characteristically suffered by a person convicted of crime.'" Id. at 419 (quoting Sandin v. Conner, 515 U.S. 472, 479 n.4 (1995)). A statute or regulation creates a liberty interest if it establishes freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; cf. Richardson, 501 F.3d at 419 ("The hallmark of a statute that has not created a liberty interest is discretion. Where the statute grants the prison administration discretion, the government has conferred no right on the inmate." (citation omitted)).

Here, neither the due process clause nor any government statute or regulation creates a protected liberty interest to participate in the RDAP, to stay in the program once participating, or in early release. A liberty interest does not arise from the due process clause because the BOP's unfavorable RDAP or early release decisions do not impose a punishment any different from the

---

[4] Petitioner also claims the actions of BOP personnel were "in retaliation for a tort claim." (DE # 9.) A Rule 59 motion cannot be used to present a new claim or introduce a new legal theory. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Barnes v. Seigler, Civil Action No. 5:11-1156-MBS, 2013 WL 2470276, at *2 (D.S.C. June 6, 2013), aff'd, 540 F. App'x 228 (4th Cir. 2013) (per curiam). Moreover, such a claim may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), but does not state a cognizable ground for relief in a § 2241 motion.

punishment imposed on other persons convicted of crimes. Richardson, 501 F.3d at 419. Rather, an unfavorable RDAP determination "means only that [an inmate] will serve the remainder of his original sentence under typical circumstances." Id. at 419-20.

As for 18 U.S.C. § 3621(e), see supra note 2, it expressly affords the BOP broad discretion in determining a prisoner's RDAP eligibility and in deciding which inmates qualify for early release. Given that RDAP eligibility, participation, and early release decisions are matters committed to the BOP's discretion, no liberty interest in the RDAP is created by § 3621(e). See Richardson, 501 F.3d at 420; Bradley v. Fisher, No. 5:11-HC-2194-FL, 2012 WL 2590472, at *8 (E.D.N.C. July 3, 2012) ("Prisoners do not have a protected liberty interest in RDAP participation or in the early release incentive." (citing Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Reeb v. Thomas, 636 F.3d 1224, 1229 n.4 (9th Cir. 2011)).

Because petitioner waived his liberty interest claim, and, at any rate, because he cannot establish that he was deprived of a protected liberty interest, the court DENIES petitioner's motion for reconsideration. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is DENIED.

This 12 July 2017.

_____
W. Earl Britt
Senior U.S. District Judge